IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN C. KRAEMER,

                Plaintiff,                OPINION AND ORDER

v.

                                                      13-cv-860-wmc

HERMAN E. HOFFMAN, JR.,

                Defendant.

---

With this case set for a bench trial at the end of the month, plaintiff John C. Kraemer moves for default judgment or, in the alternative, an order compelling discovery responses, based on defendant Herman E. Hoffman, Jr.'s failure to respond timely to discovery requests and to sit for a deposition. (Dkt. #50.) In his response, defendant does not dispute plaintiff's description of the events leading up to this motion, but contends that he could now serve the overdue responses by Friday, October 10, 2014. (Dkt. #54.)

The court held a hearing on plaintiff's motion on Friday, October 3, 2014, at which both parties and their counsel appeared.[1] Consistent with the court's oral decision during the hearing, the court will (1) enter default judgment and dismiss defendant's counterclaim as a sanction against defendant under Federal Rule of Civil Procedure 37(d), and (2) in the alternative, enter judgment against defendant because of his earlier admission of liability and his failure to deny a request for admission concerning the accuracy of the amount plaintiff claims is now due and owing.

---

[1] With leave of court, the defendant and his counsel appeared by telephone.

The day before the hearing, defendant's counsel Attorney Christopher A. Beck filed a motion to withdraw at the request of his client. (Dkt. #55.) While Attorney Beck appeared and represented defendant as counsel during the hearing, the court will now relieve him of any ongoing obligations other than those ethical obligations that apply in the termination of a representation and transferring of the files to his client, and will grant his motion to withdraw.

BACKGROUND

This is not the first time defendant has been close to default in this action. In denying plaintiff's earlier motion for entry of default based on defendant's failures to file an answer to the amended complaint and serve his initial Rule 26 disclosures, the court specifically warned defendant that "further lapses will not be tolerated." (4/3/14 Opinion & Order (dkt. #25) 6.) As part of that same order, the court further noted that defendant was stuck with his prior admission that he "breached the Feedlot Agreement, as amended with the Plaintiff by failing to make payment when due." (*Id.* at 7.)[2] Against this backdrop, the court considers this second motion to default judgment.

The preliminary pretrial conference order sets September 19, 2014, as the cut-off for discovery. (Dkt. #5 at ¶ 4.) On August 5, 2014, plaintiff served his first set of requests for admission, interrogatories and request for production of documents on defendant. (Declaration of Devon R. Baumbach ("Baumbach Decl.") (dkt. #51) ¶ 2; *id.*,

---

[2] It is also noteworthy that defendant has failed to pay plaintiff the $2,062 in attorney's fees previously awarded by the court. (Baumbach Decl. (dkt. #51) ¶ 9; dkt. #34.)

Ex. A (dkt. #51-1).) Those responses were due 30 days later, by September 4, 2014. (Baumbach Decl. (dkt. #51) ¶ 2.) After having received no responses or other communication from defendant's counsel, plaintiff's counsel sent a follow-up letter on September 11, 2014, inquiring as to the status of the discovery responses, and noting that he was available for a meet and confer that week. (*Id.* at ¶ 4; *id.*, Ex. C (dkt. #51-3).) Defendant's counsel failed to respond.

On September 3, 2014, plaintiff noticed defendant's deposition for September 18, 2014. (Baumbach Decl. (dkt. #51) ¶ 3.) After having heard nothing from defendant, plaintiff's counsel contacted defendant's counsel on September 16, 2014, inquiring about both the discovery responses and the deposition. (*Id.* at ¶ 5; *id.*, Ex. D (dkt. #51-4).)

On the afternoon of September 17, 2014, the day before defendant's noticed deposition, his counsel emailed plaintiff's counsel indicating that Hoffman (1) could not travel to Madison for his deposition, and (2) had yet to provide his counsel with full answers, but that defendant's counsel would send plaintiff what he had by Friday, September 19, 2014, or Monday, September 22, 2014, at the latest. (*Id.* at ¶ 6; *id.*, Ex. E (dkt. #51-5).)

The parties' counsel spoke on September 18, 2014, and agreed to file a stipulation extending the discovery deadline for plaintiff, which they subsequently did and the court entered. (*Id.* at ¶ 7; dkt. ##48, 49.) Despite defendant's assurances that discovery responses would be provided at the latest by Monday, September 22, 2014, defendant again failed to serve any responses. Plaintiff's counsel then sent an email to defendant's counsel on September 23, 2014, once again inquiring as to the status of the discovery

3

responses. (Baumbach Decl. (dkt. #51) ¶ 8; *id.*, Ex. F (dkt. #51-6).) Having received no response, plaintiff filed the pending motion the next day. This case is set for a bench trial beginning October 27, 2014.

OPINION

Federal Rule of Civil Procedure 37(d) provides that a court, on motion, may order sanctions if a party fails to attend his own deposition or serve answers to interrogatories. The sanctions available are those listed in Rule 37(b)(2)(A)(i)-(vi), which include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," "striking pleadings in whole or in part," "rendering a default judgment against the disobedient party," and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(d)(3), (b)(2)(A)(ii), (iii), (v), (vi).

The undisputed record demonstrates that on the eve of trial, despite previous sanctions and admonition by this court for similar conduct, defendant (1) failed to respond timely to interrogatories, requests to admit and requests for the production of documents; (2) failed to attend a noticed deposition; and (3) failed to cure these defects. As such, sanctions are warranted, particularly given that this is the latest in a history of defaults in Hoffman's obligation to provide a defense.

If defendant's conduct were limited to his failure to respond timely to interrogatories and act diligently in making suitable arrangements for his deposition, the court might be inclined to sanction him short of entry of default judgment. But it is not.

4

In light of his past, egregious conduct, including his failure to answer timely the amended complaint and serve his Rule 26(a)(1) disclosures, as well as what appears to be his complete lack of engagement in his defense of late, the court finds that entry of default judgment is warranted. Defendant also asserts a breach of contract counterclaim based on his allegation that plaintiff overcharged him. The discovery requested by plaintiff was also relevant to plaintiff's defense against that counterclaim, and Hoffman's efforts to prosecute have been every bit as dilatory as his efforts to defend. Accordingly, the court will also dismiss defendant's breach of contract counterclaim.

Even if the court were not to sanction defendant, the record at this point in the case compels entry of judgment in plaintiff's favor in the amount requested. As noted above, defendant has already admitted that he breached the contract between the parties. In addition, plaintiff posed the following request for admission: "Admit you received Plaintiff's final invoice attached as Exhibit B and that the final invoice accurately states the amount you owe Plaintiff." (Baumbach Decl., Ex. A (dkt. #51-1) p.3 ¶ 4; *id.* at pp.20-21.) Federal Rule of Civil Procedure 36 governs requests for admission and provides in pertinent part that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Because defendant failed to respond to Request for Admission ¶ 4, defendant has admitted that Exhibit B -- reflecting a total amount due and owing of $180,013.53 as of May 17, 2014, with interest accruing at a daily rate of $88.77 -- accurately states the amount Hoffman owes Kraemer. As of today's date, the total amount due and owing is

5

$193,506.57. (Pl.'s Letter (dkt. #59) (calculating interest due between May 7, 2014, and October 3, 2014, as $13,226.73).)[3] Moreover, defendant also owes plaintiff attorney's fees in the amount of $2,062.00. (Dkt. #34.)

ORDER

IT IS ORDERED that:

1. Plaintiff John C. Kraemer's motion to compel discovery or for default judgment (dkt. #50) is GRANTED. The court enters default judgment against defendant Herman E. Hoffman Jr. on plaintiffs' claims and dismisses defendant's counterclaim.

2. Attorney Christopher A. Beck's motion to withdraw as defendant's counsel (dkt. #55) is GRANTED.

3. The clerk of court is directed to enter judgment in favor of plaintiff John C. Kraemer in the amount of $195,506.57.

4. Pursuant to Federal Rule of Civil Procedure 62(a), **on or after October 20, 2014,** the clerk of court is directed to disperse the funds held in escrow as follows:

    a. $152,254.14 to John C. Kraemer and mailed to Attorney Devon R. Baumbach, Melli Law, S.C., 10 E. Doty St., Suite 900, P.O. Box 1664, Madison, WI 53701-1664;

    b. $43,314.43 to Trans Ova Genetics, LLC, and mailed to Attorney Joel D. Vos, Heidman Law Firm, 1128 4th Street, P.O. Box 3086, Sioux City, IA 51102; and

    c. the remainder of the funds in the escrow account to defendant Herman E. Hoffman, Jr.

5. After the funds have been dispersed, the clerk of court is directed to close this case.

---

[3] This amount also reflects three days of interest from October 3, 2014, to today, October 6, 2014.

Entered this 6th day of October, 2014.

                    BY THE COURT:

                    /s/

                    _____
                    WILLIAM M. CONLEY
                    District Judge