IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN C. KRAEMER,

                Plaintiff,              OPINION AND ORDER

v.

                                                  13-cv-860-wmc

HERMAN E. HOFFMAN, JR.,

                Defendant.

---

Before the court are a number of post-judgment motions by non-party Trans Ova Genetics, L.C., seeking to intervene in this action (dkt. #62), stay execution of the court's October 6, 2014, order (dkt. #63), and relief from judgment (dkt. #64). For the reasons that follow, the court will deny all such motions.

BACKGROUND

On October 6, 2014, the court granted plaintiff John C. Kraemer's motion for default judgment and entered a monetary award against defendant Herman E. Hoffman, Jr. in the amount of $195,506.57. (10/6/14 Order (dkt. #60); 10/7/14 Judgment (dkt. #61.) In that order, the court directed the following payments from proceeds held by this court in escrow after authorizing the sale of certain of Hoffman's encumbered livestock being cared for and held by Kraemer: the bulk of the award to Kraemer in the amount of $152,254.14; the remainder of the award to Trans Ova in the amount of $43,314.43 (as requested by Kraemer); and the remainder of the escrowed sales proceeds to the underlying owner of the livestock, Hoffman. (Dkt. #60 at p.6.) Approximately one week after the judgment, Trans Ova sought to intervene, requesting the court to

award the remainder of the escrow account, approximately $35,000, to it, rather than releasing it to Hoffman.

OPINION

In its combined brief, Trans Ova principally argues that in failing to award the remainder of the escrow account to Trans Ova, this court is somehow violating a private "Stipulation" executed by Kraemer and Trans Ova. "[T]he Stipulation does not afford any rights to Defendant. Plaintiff and Trans Ova expressly agreed that all escrowed proceeds would be divided among themselves" (Trans Ova's Br. (dkt. #65) 3), which of course is true as far as it goes. Specifically, the Stipulation provides for Kraemer to receive up to $152,254.14 from the amount held in escrow, with the remainder to be released to Trans Ova. (Stip. (dkt. #57) ¶ 17.) As the court pointed out at the hearing on default judgment, at which Trans Ova chose not to appear, Kraemer only had a right to a *portion* of the escrowed funds as evidenced by the court's formal award to Kraemer in the amount of $195,506.57. (10/6/14 Order (dkt. #60); Judgment (dkt. #61).) As such, Kraemer was not in a position to bargain away *more* than what was due and owing to him. Consistent with this award and at Kraemer's request, the court therefore entered an order releasing $152,254.14 to Kraemer with the rest of the amount awarded to him, (rather than the remainder of the amount in the account being released to Trans Ova.)

Neither in the stipulation, nor in its brief, does Trans Ova explain why, as a non-party to this lawsuit, it is entitled to relief *beyond* that awarded to the plaintiff. Trans Ova points Wisconsin Statute § 409.615 in support, but that statute only sets forth how

a party with a superior security interest should treat one with a subordinate interest. While this informs Kraemer's obligations in his dealings with Trans Ova, it provides no basis for Trans Ova and Kraemer to claim funds beyond those at stake in this lawsuit -- the amount due and owing to Kraemer against Hoffman. Stated another way, Trans Ova cannot piggyback its independent claim against Hoffman onto Kraemer's post judgment claim.

Perhaps in recognition of its precarious positon as a party outside of the confines of this lawsuit, Trans Ova also seeks leave to intervene pursuant to Fed. R. Civ. P. 24(a)(2) as a matter of right or, alternatively permissively, under Rule 24(b)(1)(B). Either avenue of intervention, however, requires that Trans Ova pursued its rights in a timely manner. *See Heartwood, Inc. v. U.S. Forest Serv.*, 316 F.3d 694, 701 (7th Cir. 2003). "The timeliness requirement forces interested non-parties to seek to intervene promptly so as not to upset the progress made toward resolving a dispute." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 797-98 (7th Cir. 2013). In determining whether a motion is timely, the court considers the following four factors:

> (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; (4) any other unusual circumstances.

*Id.* (quoting *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000)).

All of these factors weigh against Trans Ova. Tellingly, while acknowledging that a motion for intervention must be timely (Trans Ova's Br. (dkt. #65) 4), Trans Ova utterly fails to address the length of time between its learning of its interest in this case

and bringing a motion to intervene. In fact, Trans Ova knew about its interest in this case by March of 2014 when it filed an affidavit in opposition to Hoffman's motion for preliminary injunction (3/31/14 Trans Ova Aff. (dkt. #21), or, at least, in April of 2014, when it received a judgment against Hoffman in Iowa State Court. (Stip., Ex. F (dkt. #57-6) (dated Apr. 9, 2014).) At the very latest, Trans Ova was aware of its interest in July when it signed the Stipulation with Kraemer. (Stip. (dkt. #56) (signed July 21, 2014).)

While the court appreciates Trans Ova's late-expressed wish to "avoid litigation over the distribution of the cattle proceeds" (Trans Ova's Br. (dkt. #65) 2), it needed to assert itself timely to seek any remaining funds held in escrow by the court through this lawsuit.[1] This it wholly and inexplicably failed to do.

The court further finds that both Kraemer and Hoffman would be prejudiced by staying the judgment here, and in turn staying release of the funds held in escrow. Consistent with the court's October 6, 2014, order, the parties are likely counting on the release of those funds next week.[2] In addition, while the court understands that Trans Ova *may* be prejudiced by the denial of its motion to intervene in the present case, any

---

[1] The cases cited by Trans Ova where courts have allowed intervention post judgment were because the interest at stake did not develop until after the judgment was entered. *See, e.g., Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 572 (7th Cir. 2009) (explaining that motion to intervene was timely because the Attorney General refused to take an appeal of the case post judgment).

[2] The court authorized release of the funds by the end of day Monday, October 20, 2014, but it has been advised that checks will issue in the ordinary course on Thursday, October 23, 2014.

injury is of its own making as a result of its wholly unjustified delay in seeking to intervene. Moreover, Trans Ova is not without options to ameliorate any prejudice still.

The dispute at issue in this case between Kraemer and Hoffman is now fully resolved, and the court will not allow Trans Ova to stay, intervene or reopen the judgment at this late date. Still, although Trans Ova fails to seek its enforcement, the court notes that Trans Ova has a judgment against Hoffman in the amount of $275,068.32. (Stip. Ex. F (dkt. #57-6.) Nothing prevents Trans Ova from filing a new lawsuit against Hoffman to enforce their judgment and seek an immediate writ of attachment of the remaining escrowed funds held by the Clerk of Court pursuant to Wis. Stat. § 811.03(e). If Trans Ova files proof of such lawsuit on or before the close of business Wednesday, October 22, 2014, the court will direct the Clerk to hold the remainder of funds in escrow (roughly $35,000) at least until it has heard from Hoffman.[3]

---

[3] To be safe, Trans Ova may wish to file suit in state court to avoid any question whether the $75,000 amount in controversy is satisfied by the amount of the judgment but not by the amount of actual recovery. Alternatively, Trans Ova may wish to file an exemplified copy of its judgment in state court, notifying the debtor of the filing pursuant to the Uniform Enforcement of Foreign Judgments Act, and then seek to execute it. However, it is not this court's role to undertake these actions for any party or its counsel.

ORDER

IT IS ORDERED that:

1) Trans Ova Genetics, L.C.'s motion to intervene (dkt. #62) is DENIED;

2) Trans Ova Genetics, L.C.'s motion to stay execution of the court's October 6, 2014 Order (dkt. #63) is DENIED; and

3) Trans Ova Genetics, L.C.'s motion for relief from judgment (dkt. #64) is DENIED.

Entered this 17th day of October, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge